UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MILTON LEWIS POOLE, III,<br><br>Defendant. | 4:15-CR-40099-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Milton Lewis Poole, III, moves for compassionate relief under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 71. Plaintiff, the United States of America, opposes the motion. Docket 76. For the following reasons, the court denies defendant's motion for compassionate relief.

## BACKGROUND

Poole pleaded guilty to Conspiracy to Distribute Controlled Substances. Docket 29, 31. On May 6, 2010, the court sentenced Poole to 210 months in custody. Docket 43. Poole's anticipated release date is June 18, 2030. Docket 69 at 81.

Poole is currently incarcerated at the Lompoc Federal Correctional Institution in Lompoc, California. *Id.* There is 1 confirmed active COVID-19 case at Lompoc FCI and 1 active staff member case. *See BOP: COVID-19 Update*, Federal Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited August 10, 2020). 891 inmates have recovered from COVID-19 at Lompoc FCI. Docket 76 at 2.

Poole suffers from asthma. Docket 71 at 1. On May 6, 2020, Poole tested positive for COVID-19. Docket 75 at 4-5. Because Poole was screened through May 20, 2020 and exhibited no symptoms, he is presumed to be among the inmates at Lompoc FCI who have recovered from the virus. *Id.* On April 20, 2020, Poole filed a *pro se* motion for compassionate release under the First Step Act. Docket 66. The court denied this motion concluding that he had not shown exhaustion of administrative remedies. Docket 68. On May 12, 2020, Poole submitted a request to the Federal Bureau of Prisons (BOP) for compassionate release. Docket 71-1. On May 18, 2020, the BOP denied Poole's request for compassionate release. Docket 71-2. On May 29, 2020, Poole submitted this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 71.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *Id.* Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing

Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Poole argues that "[t]he unprecedented and extraordinary risk posed by the global COVID-19 pandemic" satisfies the "extraordinary and compelling reason" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 71 at 1. Poole requests a sentence of time served, and if deemed necessary by the court, a period of home confinement as a condition of his supervised release. *Id.*

I.  **Administrative Exhaustion**

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress now permits courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

The BOP's denial of Poole's request for compassionate release does not state when the request was received. Docket 71-2. But the 30-day period

expired no earlier than on June 12, 2020, which is 30 days from the date Poole submitted his request to the BOP. Docket 71-1. Thus, Poole's motion was not ripe for review on the merits at the time this motion was made, but it is now ripe.

## II.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]" Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1(D).

After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *U.S. v. Beck*, 425 F. Supp. 3 at 573, 579 n. 7 (M.D.N.C. 2019). As a result, district courts are left to determine whether the policy statement of the

Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, No. 13-230 ADM/JSM, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 411 F. Supp. 3d. 446, 449-50 (D. Iowa 2019). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, No. 3:12-cr-00091-10, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, No. 3:10-cr-222(RNC), 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020).

Poole contends that his "vulnerability to COVID-19" is an extraordinary and compelling reason for compassionate release under Application Note 1(A)(ii)(I) to USSG § 1B1.13. Docket 71 at 7. Poole argues that his asthma puts him at a "higher risk of serious illness or death from COVID-19." *Id* at 10.

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These conditions include moderate to severe asthma when this condition is left untreated. People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 11, 2020).

The court has reviewed the medical records in this case. Poole's medical records show that he suffers from asthma, which was listed as in "remission" in November 2019. Docket 69 at 27. While Poole's asthma may theoretically put him at higher risk for complications from COVID-19, his records indicate that he has been receiving adequate care from the BOP to manage his condition. *See* Docket 69, 70. While Poole has access to an inhaler and medications to treat his asthma, he indicated in November 2019 that he rarely uses the inhaler and does not take additional medications. Docket 70 at 4. Poole has not demonstrated that his asthma is "moderate to severe" so that it would increase his risk of severe illness or death from COVID-19. Thus, Poole's chronic asthma alone is not sufficient to warrant compassionate release. *See United States v. Hernandez*, No. 1:10-CR-249 AWI, 2020 WL 2745697, at *3 (E.D. Cal. May 27, 2020) (denying motion for compassionate release for a prisoner because his medical records did not show significant risk as asthma is not moderate to severe). Further, as Poole has already tested positive for COVID-19 and exhibited no symptoms, there is little reason for the court to consider compassionate release due to Poole's alleged heightened vulnerability

to the virus. *See United States v. Eddings*, No: 2.09-CR-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020) (denying motion for release for a prisoner at Lompoc FCI with asthma who tested positive for COVID-19 but exhibited no symptoms).

    Next, the court will address Poole's claim that he meets the requirements of Application Note 1(A)(ii) because his asthma substantially diminishes his ability to provide self-care at Lompoc FCI. Poole's motion does not provide evidence that the BOP is failing to provide him with adequate medical care for either his chronic asthma or COVID-19. Poole's medical records also do not indicate that he is unable to provide self-care. Docket 70. Further, the Lompoc FCI has taken extensive steps to protect inmates and staff from COVID-19. These steps include limiting outside visits to the facility and changes to staff procedures along with alterations to inmate medical care. BOP Implementing Modified Operations, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed August 11, 2020). Also, the mere risk of contracting COVID-19 even for inmates with chronic medical conditions does not in isolation justify compassionate release. *See United States v. Gold*, No. 15 CR 330, 2020 WL 2197839 at *1 (N.D. Ill. May 6, 2020) (holding that the risk of contracting COVID-19 does not alone warrant the release of prisoners with health conditions). As Poole has already contracted COVID-19 and suffered no complications, there is no indication that Lompoc FCI lacks the ability to adequately care for him and protect him from the virus. Thus, Poole cannot establish that there are extraordinary and

compelling reasons related to his ability to provide self-care in prison that would justify compassionate release.

## CONCLUSION

Poole has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 71) is denied.

Dated August 12, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE